UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHONOLOGY INC., <br><br> Plaintiff, <br><br> vs. <br><br> MOSSWOOD ENTERPRISES, INC., <br><br> Defendant. | Case No:  C 10-5574 SBA <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Plaintiff San Francisco Technology Inc. ("SFT") brings the instant action as a qui tam relator against Defendant Mosswood Enterprises, Inc. ("Mosswood"), for false marking under the Patent Act, 35 U.S.C. § 292.  The parties are presently before the Court on Defendant's Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b).  Dkt. 23.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.      **BACKGROUND**

Plaintiff SFT is a Delaware corporation with its principal place of business in San Jose, California.  Compl. ¶ 2, Dkt. 2.  Defendant Mosswood allegedly makes and sells a variety of products, including the Made for Mom No Spill Bottle Cap System.  Id. ¶ 9.  SFT alleges, as it has in a multitude of other actions pending in this Court, that Mosswood's products have been marked with one or more expired patents.  Id. ¶¶ 10-15.  SFT alleges that "the false marking was done with intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patents and inhibiting competition."  Id. ¶ 20.

On December 8, 2010, SFT filed the instant lawsuit in this Court as a qui tam action against Mosswood to recover civil fines for false marking under 35 U.S.C. § 292. Mosswood now moves to dismiss the complaint for failure to plead fraud with particularity under Rule 9(b).  Dkt. 23.  The motion has been fully briefed and is ripe for adjudication.

## II.   LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In deciding a Rule 12(b)(6) motion, the court generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted). Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile.  Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III.   DISCUSSION

The Patent Act prohibits marking an unpatented article with the word "patent" or any patent number for the purpose of deceiving the public.  See 35 U.S.C. § 292(a); Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005).  Section 292(a) provides, in relevant part, that, "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public … [s]hall be fined not more than $500 for every such offense."  35 U.S.C. § 292(a).  The false marking statute is enforceable by a qui tam remedy provided in section 292(b), which

provides that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States." See Boyd v. Schildkraut Giftware Corp., 936 F.2d 76, 79 (2d Cir. 1991).

To state a false marking claim, the plaintiff must allege the following: (1) a marking importing that an object is patented; (2) falsely affixed to; (3) an unpatented article; (4) with intent to deceive the public. See Clontech Labs., Inc., 406 F.3d at 1351. The purpose of the false marking statute is to protect the public. Juniper Networks v. Shipley, No. C 09-0696 SBA, 2010 WL 986809, at *6 (N.D. Mar. 17, 2010), aff'd, -- F.3d --, 2011 WL 1601995, at *3 (Fed. Cir. April 29, 2011). Because of its penal nature, however, the statute is to be strictly construed. Mayview Corp. v. Rodstein, 620 F.2d 1347, 1359 (9th Cir. 1980).

The Federal Circuit has held that claims brought under the false marking statute are subject to the pleading requirements of Federal Rule of Civil Procedure 9(b). In re BP Lubricants USA Inc., 637 F.3d 1307, 1311 (Fed. Cir. 2011); accord Juniper Networks, Inc. v. Shipley, -- F.3d --, 2011 WL 1601995, at *3 (Fed. Cir. April 29, 2011) ("[a] false marking claim requires an intent to deceive the public … and sounds in fraud, … [a]s such, false marking claims must satisfy the heightened pleading standard of Fed.R.Civ.P. 9(b)").[1] In In re BP Lubricants USA, the complaint alleged that the defendant was a "sophisticated company" with "experience applying for, obtaining, and litigating patents," and that it "knew or should have known that the patent expired." Id. at 1309. The Federal Circuit found such allegations to be too conclusory to state a claim, and ruled that a "general allegation that [the defendant] knew or should have known that the patent expired" is insufficient to establish an intent to deceive. In re BP Lubricants USA Inc., 637 F.3d at

---

[1] Rule 9(b) requires that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." Fed. R. Civ. P. 9(b). The plaintiff must state the "who, what, when, where, and how" of the alleged fraud. Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 (Fed. Cir. 2009); accord Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).

1311.  Rather, "a complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired."  Id.

The Complaint filed by SFT in this action suffers from the same type of infirmities as the pleading at issue in In re BP Lubricants USA.  Specifically, SFT alleges that: "Mosswood is a *sophisticated company* and has *many years of experience* applying for, obtaining, and maintain patent rights.  Mosswood also has extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications."  Compl. ¶ 15 (emphasis added).  The pleadings further allege that Mosswood "*knew or should have known*" that its patents had expired and "*could have no reasonable belief* that it was proper to mark and advertise products with [expired patent numbers]…."  Id. ¶¶ 18-20 (emphasis added).  Under In re BP Lubricants USA, these fact-barren and conclusory allegations are insufficient to state a claim for false patent marking under § 292.  Therefore, the Complaint must be dismissed for failure to sufficiently allege an intent to deceive.  In re BP Lubricants USA, 637 F.3d at 1311 (granting writ and directing the district court to grant defendant's motion to dismiss pursuant to Rule 9(b)); San Francisco Tech., Inc. v. Aero Prods. Int'l., Inc., No. 10-02994 JF, 2011 WL 1044856, at *3 (N.D. Cal. Mar. 22, 2011) (finding allegations by SFT that defendants knew or should have know that its patents were expired failed to pass muster under  In re BP Lubricants USA) (Fogel, J.).

## IV.  CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendant Mosswood's motion to dismiss is GRANTED, with leave to amend.  Plaintiff shall have fourteen (14) days from the date this Order is filed to file an amended complaint, consistent with the Court's ruling, as set forth above.  In the event Plaintiff fails to file an amended complaint within that time-frame, the dismissal of the action will be deemed to be with prejudice.

2. The motion hearing scheduled for July 28, 2011, is VACATED.

1     3.     Should the parties file any additional noticed motions in this action under Civil Local Rule 7-2, the moving and opposition papers shall be limited to fifteen pages (15) and reply briefs shall be limited to ten (10) pages.

IT IS SO ORDERED.

Dated: July 15, 2011

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge